UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOAQUIN CARDONA-SANDOVAL, | ) | CASE NO. 4:09 CV 2987 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WARDEN RODDIE RUSHING, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Joaquin Cardona-Sandoval filed this action against Northeast Ohio Correctional Center ("NEOCC") Warden Roddie Rushing. In the complaint, plaintiff alleges inmates are improperly assessed a telephone tax by Mahoning County. He seeks injunctive relief.

## Background

Mr. Cardona-Sandoval's complaint is very brief. He claims inmates at NEOCC were improperly assessed a Mahoning County tax on telephone charges. He contends Corrections Corporation of America, the corporation that owns and operates NEOCC, should pay the taxes. He suggests inmate should receive refunds to their commissary accounts, but many of them are transferred to their countries of origin without being reimbursed. He claims the tax violated their First Amendment rights because some inmates could not pay the tax. He seeks unspecified injunctive relief.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to § 1915(e).

As an initial matter, it is not clear whether the tax is still being collected. Plaintiff asserts that CCA should pay it, but also suggests that inmates are entitled to a refund which is to be paid to the inmate's commissary account. To the extent the tax is no longer collected, his request for injunctive relief would be moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Moreover, plaintiff does not set forth facts to suggest his First Amendment rights have been violated by Mr. Rushing. Prisoners have no per se constitutional right to use a telephone. *United States v. Footman*, 215 F.3d 145, 155 (1st Cir.2000); *Iswed v. Caruso*, No. 1:08-cv-1118, 2009 WL 230137, * 3, *slip op.* (W.D.Mich. Jan. 29, 2009). Instead there is a First Amendment right to communicate with persons outside of prison walls, and "[u]se of a telephone provides a means of exercising this right." *Valdez v. Rosenbaum*, 302 F.3d 1039,

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

1048-49 (9th Cir.2002); *see Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir.1994) (holding that "an inmate has no right to unlimited telephone use"). As there is no constitutional right to use the telephone, it follows that there is no right to use the telephone without charge. Plaintiff does not allege that he was completely denied access to either the telephone or other communication methods. He therefore fails to allege a constitutional violation.

## Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). To the extent a portion of the complaint can be read as a request for appointment of counsel, that request is denied. Further, plaintiff's motion for preliminary injunction (Doc. No. 4) and motion for status conference (Doc. No. 7) are both denied. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: April 13, 2010

                                             **HONORABLE SARA LIOI**
                                             **UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.